**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

ANTHONY ROBINSON                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:18-cv-241-MPM-RP

BARBARA WALKER, JAMIE WRIGHT,
LYSHON JAMES, AND LA MORRIS BEARD                                                DEFENDANTS

**ORDER**

On July 1, 2019, the court entered a Show Cause Order instructing Plaintiff to show cause why the instant action should not be dismissed for Plaintiff's failure to properly serve any of the four named defendants in this action within the 90-day time period set forth in Federal Rule of Civil Procedure 4(m). Docket 22. Specifically, the court explained that Plaintiff's attempted service on Lyshon James was improper and in violation of Rule 4(c)(2) which requires that service be made by a person **other than Plaintiff** who is at least 18 years old. F.R.Civ.P. 4(c)(2). Plaintiff was advised that failure to establish good cause for his failure to timely serve any defendant would result in dismissal of this action. Docket 22.

On July 15, 2019, Plaintiff submitted his response to the Show Cause Order (which response appears to be a copy of an email sent by him to the letters email box at *The Washington Post*) stating that he "used his own better judgement when serving and trying to serve the defendants […] summons" and that defendant Lyshon James "was served as properly as the court should expect from a layman." Docket 24. Plaintiff further claims that Natalie Rector, Ryder's human resources investigator who interviewed him during her investigation of his allegations, "is privy to all the information [he] needed to serve all of the defendants if she had provided [him] with their addresses" and "is withholding critical information impeding [his] efforts to prosecute the defendants." *Id*.

Federal Rule of Civil Procedure 4(m) dictates "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). To establish good cause for failure to timely serve defendants, Plaintiff "must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985). Additionally, Plaintiff is required to "make a showing of good faith and establish some reasonable basis for noncompliance within the time specified." *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

Plaintiff's response states that he does not have an attorney or officer of the law to act for him; however, "pro se status does not excuse a litigant's complete failure to effect service." *Id*. (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988)). Neither does one's pro se status excuse his lack of knowledge of the Rules of Civil Procedure. *Thrasher v. City of Amarillo,* 709 F.3d 509, 512 (5th Cir.2013). At a minimum, Plaintiff was informed in the court's Show Cause Order that a plaintiff himself cannot serve process on a defendant, but that "any person who is at least 18 years old and not a party" is qualified to do so. Docket 22 (citing F.R.Civ.P. 4(c)(2) and *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007). Rather than attempt to "demonstrate at least as much as would be required to show excusable neglect," Plaintiff concludes that Lyshon James "was served as properly as the court should expect from a layman." Plaintiff's explanation is insufficient to establish good cause for his failure to perfect service of

process on Lyshon James or any of the other remaining defendants and will result in dismissal of this action without prejudice.

Additionally, in conjunction with his response to the Show Cause Order, Plaintiff filed a Motion for Discovery in which he requests that "the home addresses of the named defendants be released to him during the time in which he is supposed to meet with someone representing Ryder as an attorney or an associate, employee." Docket 25. It is unclear to whom the requests for discovery included in Plaintiff's motion are directed; however, because Plaintiff has failed to effect service on any defendant, there is no party to this action against whom requests for discovery can be enforced. Plaintiff's Motion for Discovery is therefore **DENIED**.

For the reasons stated herein and in the court's July 1, 2019 Show Cause Order, defendants La Morris Beard, Jamie Wright, Barbara Walker, and Lyshon James are **DISMISSED** without prejudice and this case is closed.

**SO ORDERED**, this the 18th day of July, 2019.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI